UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

WINIFRED WATSON-FLORENCE                              CIVIL ACTION

V.                                                    NO. 15-6261

THE CITY OF NEW ORLEANS,
CARLOS SOTO, 21ST CENTURY
INSURANCE COMPANY                                     SECTION "F"

                           ORDER AND REASONS

   Before the Court is the City of New Orleans' motion for a judgment on the pleadings. For the following reasons, the motion is GRANTED.

                              **Background**

   On September 4, 2014, the plaintiff, Winifred Watson-Florence, was injured in New Orleans. The plaintiff, who at the time of the accident was a pedestrian, entered the crosswalk at the intersection of Canal Street and North Peters. Carlos Soto was the driver and the insured of the vehicle that struck the plaintiff.[1]

   The plaintiff alleges that she was already crossing the first lane of the crosswalk, where cars were stopped to allow pedestrians to cross, when she was crossing over the second lane of traffic and Soto was driving a vehicle in the second lane of traffic; Soto failed to stop for the crossing pedestrians. Soto's failure to

---

[1] Carlos Soto's insurance company, 21st Century Centennial Insurance Co. is also a named defendant in this lawsuit.

stop caused him to run into the plaintiff and knocked her to the ground. The plaintiff also alleges that the pedestrian crosswalk signal at this intersection was not functioning properly at the time of the accident.

The basis of the negligence claim against the City of New Orleans is that the City created an unreasonably dangerous condition at the intersection of North Peters and Canal Street by failing to repair the crosswalk signal at this intersection. Plaintiff alleges that an inoperable pedestrian crosswalk signal gives rise to municipal liability.

The City of New Orleans moves for a judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). The City contends that missing or inoperative intersectional signage does not give rise to municipal liability, absent particularized allegations that the broken signage created some sort of trap.

I.

"The standards to be applied to a Rule 12(c) motion are the same as those governing motions brought under Federal Rule of Civil Procedure 12(b)(6)." Med RX/Systems, P.L.L.C. v. Texas Dept. of State Health Servs., 633 F. App'x 607, 610 (5th Cir. 2016).

"'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Gonzalez v. Kay, 577 F.3d 600, 603 (5th Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662,

2

678 (2009)) (internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."). This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. at 678 (citing Twombly, 550 U.S. at 557) (internal quotations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'" thus "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (alteration in original) (citation omitted).

In deciding a motion to dismiss, the Court may consider documents that are essentially "part of the pleadings." That is,

3

any documents attached to or incorporated in the plaintiff's complaint that are central to the plaintiff's claim for relief. Causey v. Sewell Cadillac-Chevrolet, Inc., 394 F.3d 285, 288 (5th Cir. 2004) (citing Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000)).  Also, the Court is permitted to consider matters of public record and other matters subject to judicial notice without converting a motion to dismiss into one for summary judgment.  See United States ex rel. Willard v. Humana Health Plan of Tex. Inc.,  336 F.3d 375, 379 (5th Cir. 2003).  Finally, a "motion to dismiss should not be granted unless the plaintiff would not be entitled to relief under any set of facts that he could prove consistent with the complaint." Johnson v. Johnson, 385 F.3d 503, 529 (5th Cir. 2004).

II.

Louisiana case law has addressed the issue on multiple occasions. Courts are slow to hold a municipal body liable for accidents that occurred at intersections when traffic signals malfunctioned or were obstructed from view where the motorist or pedestrian failed to exercise reasonable, common sense prudence. See Ponthier v. City of New Orleans, 496 So. 2d 1050, 1051-52 (La. Ct. App. 4th Cir. 1986); Pepitone v. State Farm Mut. Auto. Ins. Co., 369 So. 2d 267 (La. Ct. App. 4th Cir. 1979), writ denied 371 So. 2d 1343 (La. 1979).

In Lochbaum v. Bowman, the Louisiana Fourth Circuit noted that the City may be liable in certain instances in which a "trap" exists, such as when a traffic signal's malfunction creates a situation where a green light is facing both directions and both motorists are led to believe he has the right of way. 353 So. 2d 379, 382, n.4 (La. Ct. App. 4th Cir. 1977). However, in that case the malfunction actually resulted in a constant green light for one highway and a constant red light for traffic on the intersecting highway. Id. at 380. As such, the court held that while the Department of Highways may have been negligent in failing to repair the malfunctioning traffic signal, the Department of Highways was not liable because the malfunction was not the legal cause of the accident. Id. at 381-82. Rather, the motorist, who was aware of the malfunctioning light, failed to exercise the caution necessary to avoid the vehicle accident. Id. at 382.

### III.

A. The City of New Orleans' Basis for Grounds of Dismissal

The City pointedly notes that the plaintiff's complaint fails to allege facts that plausibly infer the City's malfunctioning crosswalk signal was the legal cause of the plaintiff's accident. The Court agrees. The complaint merely indicates that the crosswalk signal was inoperable and the City was negligent in failing to repair the signal when it had actual notice of the malfunction and knew there would be an unusually high number of visitors during

the weekend of the accident. Though these allegations arguably point to indifference on behalf of the City, the allegations do not under the law rise to the level necessary to prove legal causation. Notably, the complaint does not allege, for example, the crosswalk signal flashed "Walk" at the same time that intersecting vehicular traffic had a green traffic light.

B. The Plaintiff's Response

In her response, the plaintiff argues that the City did, in fact, create a "trap" by stating that if the crosswalk signal was properly functioning, the plaintiff and other pedestrians would not have had to guess when it was safe to walk, or rely on some vehicles stopping and others not stopping at the crosswalk. In essence, the plaintiff argues that the outage of the crosswalk signal created a duty for cars to stop and allow pedestrians to walk without the guidance of the crosswalk signal. In support of this argument, the plaintiff includes certain allegations from her complaint. However, as stated above, none of the included allegations does more than state a plausible claim for indifference and sloppy oversight by the City agencies for failing to repair the signal after having actual or constructive notice of the malfunction.

Additionally, the plaintiff adds that the complaint alleges a "trap" because the City knew thousands of tourists would be in town during the weekend of this accident, the City knew of the

malfunctioning crosswalk signal at the intersection where plaintiff was injured, and the City failed to repair the crosswalk signal, creating a foreseeable risk of harm.

Finally, the plaintiff refutes the City's position that no trap existed by arguing that a trap did exist because the traffic signals for vehicular traffic operated but the intersecting crosswalk signal did not operate.

The plaintiff's misunderstanding of a trap and what rises to the level of municipal liability causes her arguments to fail.

C. Analysis

As discussed, Louisiana cases support that a trap is created in a situation in which drivers or pedestrians at an intersection each believe he has the right of way. A prime example would be if both traffic signals at an intersection were "green," leading all drivers entering the intersection to believe they have the right of way. Conversely, when traffic signals at an intersection malfunction such that one crossway has a consistent green light and the other crossway has a consistent red light, a driver, and not the municipality, is liable because a trap is not present as only one driver or one pedestrian is led to believe he has the right of way. In that situation, the vehicle or pedestrian without the right of way must heed to the right of way traffic and use prudence in proceeding across an intersection just as he or she would if no traffic signals existed at all.

Similarly, the plaintiff had an obligation to exercise prudence and caution when entering the crosswalk because the plaintiff knew the crosswalk signal was not working. The malfunction created, at most, an uncontrolled intersection. <u>See</u> <u>Pepitone</u>, 369 So. 2d at 270. "The duty of a [pedestrian] who approaches an uncontrolled intersection with a street of equal dignity is to determine that [s]he can make the crossing safely [b]efore proceeding into the intersection." <u>Id.</u> Thus, a totally malfunctioning crosswalk signal – which did not read either "walk" or "don't walk" – does not equate to a right of way for the pedestrian, as the plaintiff suggests. Further, a trap would exist if the City had knowledge that the crosswalk signal continuously indicated "walk," while the traffic signal at the intersection would change to green. <u>See</u> <u>Lochbaum</u>, 353 So. 2d at 382, n.4. The plaintiff fails to plead facts sufficient to find the City of New Orleans liable for the plaintiff's injuries solely for maintaining an inoperable crosswalk signal.

Accordingly, the City of New Orleans' motion for a judgment on the pleadings is GRANTED. The plaintiff's claims against the City of New Orleans are hereby DISMISSED with prejudice.

New Orleans, Louisiana, January 11, 2017

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE