UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WINIFRED WATSON-FLORENCE                       CIVIL ACTION

V.                                                               NO. 15-6261

CARLOS SOTO, ET AL.                            SECTION "F"

ORDER AND REASONS

Before the Court are two motions: (1) Defendants' Rule 42(b) motion to bifurcate the issues of liability and damages for the August 28, 2017 trial; and (2) Plaintiff's unopposed motion to extend export report deadlines.

The defendants seek a bifurcation of liability and damages issues because of the risk of prejudice in allowing the jury to hear evidence pertaining to damages before liability is determined.[1] The plaintiff moves the Court to extend the plaintiff's expert report deadline to 10 days after a ruling on the motion to bifurcate, and for the defendants' expert report to be due 28 days after the plaintiff's new expert report deadline.

IT IS ORDERED: that the defendants' motion to bifurcate is DENIED. Rule 42(b) gives the trial Court significant discretion in bifurcating trial issues. See Laitram Corp. v. Hewlett-Packard

---

[1] The plaintiff responds that she does not oppose bifurcation, but does so on different grounds. Specifically, the plaintiff submits that bifurcation is appropriate because the plaintiff's treating physicians and employer are located out of state. Therefore, it would promote efficiency to only incur costs of perpetuating the trial testimony should it be necessary after determining liability.

1

Co., 791 F. Supp. 113, 114 (E.D. La. 1992) (Feldman, J.) ("[C]ourts have repeatedly emphasized that whether to bifurcate a trial . . . is always a question committed to the sound discretion of the trial court…."). Here, the Court finds that the defendants will not suffer undue prejudice in denying bifurcation, and it also finds that judicial economy is not promoted by a bifurcation. See id. at 115 ("[T]he Fifth Circuit has correctly cautioned district courts . . . that the issue to be tried separately must be so distinct and separable from the others that a trial of it alone may be had without injustice.") (internal quotations omitted).

IT IS FURTHER ORDERED: that the plaintiff's unopposed motion to extend the plaintiff's expert report deadline is GRANTED. The plaintiff's expert report deadline is extended until 10 days from the date of this Order; the defendants' report will be due 28 days after the plaintiff's due new deadline.

New Orleans, Louisiana, May 15, 2017

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE